IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| Village Farms, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4-13-cv-57 |
| | ) | |
| vs. | ) | |
| | ) | |
| Mastronardi Produce Limited | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Village Farms, L.P. ("Village Farms" or "Plaintiff") files this complaint against Mastronardi Produce Limited ("Mastronardi"), and alleges:

### INTRODUCTION

1. Plaintiff Village Farms, L.P. is one of the leading greenhouse vegetable producers and suppliers in North America. Among the types of produce Village Farms grows and distributes in the United States is the campari variety of tomato.

2. Village Farms brings this suit against Mastronardi, a competing seller of campari tomatoes, for false advertising and unfair competition pursuant to federal and state law, and for a declaratory judgment that its United States trademark registration for CAMPARI is invalid.

3. Despite wide recognition of campari as a variety of tomato, which has been sold as campari by numerous companies in the United States, Canada, and the rest of the world, Mastronardi claims trademark rights in the variety name. Mastronardi falsely obtained its trademark registration by claiming it had no knowledge of the use of the term as a variety name.

Further, Mastronardi falsely advertises and sells varieties of tomatoes grown from seeds other than campari seeds under the campari name. Village Farms seeks to prevent Mastronardi from continuing its unlawful acts.

## PARTIES

4. Village Farms, L.P. is a Delaware limited partnership whose corporate headquarters is 195 International Parkway, Heathrow, FL. Village Farms owns large high technology greenhouses in three locations in Western Texas where it grows produce hydroponically for distribution and sale throughout the United States. Plaintiff grows tomatoes grown from authentic campari seeds in its greenhouses in Fort Davis and Monahans Texas. Harm to its campari tomato business is the gravamen of its complaint against the Defendant.

5. Upon information and belief, Defendant Mastronardi Produce Limited is a corporation organized and existing under the laws of Canada with its principal place of business at 2100 Road 4 East, Kingsville, Ontario N9Y 2ES. Mastronardi sells tomatoes marked with the campari variety name throughout the United States, including in the Western District of Texas.

## JURISDICTION

6. This action is for false advertising and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) et seq.; for common law unfair competition under Texas law, and for a declaratory judgment that United States Trademark Registration 3,037,538 owned by Defendant for the putative trademark CAMPARI is invalid, pursuant to §37 of the Lanham Act, 15 U.S.C. §1119. This Court has subject matter jurisdiction over counts I, III, IV, V, and VI of this action under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over count II of this action exists pursuant to 28 U.S.C. § 1367 because that claim for relief is so related to the Lanham Act claim as to form part of the same case or controversy.

7. Village Farms is a citizen of Delaware and Mastronardi is a citizen of Canada, and the amount in controversy exceeds $75,000. Accordingly, subject matter jurisdiction in this court also exists under 28 U.S.C. § 1332.

8. This court has personal jurisdiction over Mastronardi, because Mastronardi has committed acts of false advertising and unfair competition in this state by offering for sale, selling and causing to be sold tomatoes in containers falsely labeled with the "campari" varietal name, misrepresenting the nature, characteristics, and qualities of its goods, all to the injury of Village Farms and the public.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## FACTS

10. A plant variety is defined under the Federal Seed Act, 7 U.S.C. §§1551 as a kind which is characterized by growth, plant, fruit, seed or other characteristics by which it can be differentiated from other sorts of the same kind.

11. The campari variety tomato was developed in the 1990's by Dutch seed company, Enza Zaden Worldwide. Enza Zaden applied for placement of "campari" as a variety on the Netherlands Register of Plant Varieties on January 2, 1995. The application was granted on July 28, 1996. On information and belief, no tomatoes of the campari variety had been sold in the United States prior to Enza Zaden's designation of "campari" as the name for a single tomato variety.

12. Enza Zaden refers to campari as a variety of tomato on its website and in its marketing brochures.

13. Campari has been identified by the United States Department of Agriculture as the name of a single variety of tomato.

14.     Enza Zaden is the sole source of campari variety tomato seeds in the world.

15.     On information and belief, in the mid-1990s, Enza Zaden entered into an agreement or agreements to sell campari tomato seeds to distributors in North America, which distributors sold seed to North American growers.

16.     On information and belief, Mastronardi first obtained campari tomato seeds from Enza Zaden in or around the year 2000.

17.     At the time Mastronardi made its first sale of tomatoes using the "campari" designation, it knew that campari was the name of the variety of tomato seeds it obtained from Enza Zaden, and from which it had grown the campari tomatoes.

18.     Mastronardi was aware, prior to 2003, that companies other than Mastronardi, including BC Hot House, were using the campari variety name to sell campari tomatoes grown from the campari seed on behalf of Houweling, Windset, and Hothouse Growers.

19.     Mastronardi is currently aware that Eurofresh, Inc., Windset Farms Inc. and Village Farms sell tomatoes grown from campari seed supplied by Enza Zaden or its distributors, and have in the past sold and/or are currently selling these tomatoes under the campari name.

20.     Campari tomatoes can only be grown from campari variety seed produced and supplied by Enza Zaden.  They are prized by consumers for the rich, sweet flavor, deep red color, and pleasing texture.

21.     Mastronardi has advertised its campari tomatoes as a variety from Enza Zaden and as a European variety tomato with a highly regarded flavor.

**COUNT I – FALSE ADVERTISING UNDER THE LANHAM ACT SECTION 43(a)**

22. Village Farms realleges paragraphs 1- 21 of this Complaint as if fully set forth here.

23. Mastronardi has claimed that it secured from Enza Zaden the exclusive right to market campari tomatoes in North America and has applied to register "campari" as a trademark in the United States Patent and Trademark Office.

24. Mastronardi's claim that it has the exclusive right to acquire campari seeds is false, and has caused and is causing confusion among Village Farms' retail customers who sell campari tomatoes, damaging the goodwill of Village Farms' campari business. The buyer's purchasing decision is likely to be influenced by whether or not the tomatoes are genuine campari variety tomatoes. Mastronardi's' misrepresentation regarding its exclusive legal rights to acquire campari seeds has harmed Village Farms by causing buyers to doubt about the genuineness of Village Farms' campari tomatoes.

25. Campari tomatoes are a "cocktail" tomato variety, highly desired by consumers, and have become extremely popular in the United States. Tomatoes grown from the campari seed demand a higher price than comparably sized fresh tomatoes. Consumers rely on the designation of campari as the variety of tomato when making their purchases. The campari designation is material to a consumer's decision to purchase the products of Plaintiff and Defendant, and is likely to influence a consumer's decision about whether to purchase the tomatoes.

26. On information and belief, Mastronardi distributes and sells tomatoes of other, less costly and desirable tomato varieties in packaging labeled with the campari variety name. This constitutes a misdescriptive and false representation as to the nature, characteristics and qualities of the Mastronardi's products in violation of § 43(a) of the Lanham Act, 15 U.S.C. §

1125(a). Referring to these other types of tomatoes as campari tomatoes is literally false and also, upon information and belief, has the capacity to deceive a substantial segment of consumers of campari tomatoes.

27. Mastronardi has damaged Village Farms by selling varieties that are less expensive to produce in competition with the tomatoes grown from genuine campari seeds that Village Farms sells, unjustly enriching itself and damaging Village Farms, and tarnishing the reputation of the campari variety, some of which harm is incapable of remedy by monetary measure alone and can only be remedied through injunctive relief.

28. At least in part because of Mastronardi's deliberate acts in misleading consumers, this case is an exceptional case within the meaning of § 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II –TEXAS COMMON LAW UNFAIR COMPETITION

29. Village Farms realleges paragraphs 1-28 of this Complaint as if fully set forth here.

30. As alleged above, Mastronardi has made and continues to make false public statements to the marketplace and to consumers, both express and implied, regarding the nature of its tomatoes.

31. By placing "campari" on the packaging of tomatoes that are not campari variety tomatoes, Mastronardi has made a false statement of fact about its product.

32. The designation that tomatoes are "campari" tomatoes is material to a consumer's decision to purchase them.

33. Mastronardi also fraudulently obtained a trademark registration in an effort to prevent the lawful use of the campari variety name by competitors.

34. Mastronardi's misleading statements and false designation of non-campari tomatoes as campari tomatoes constitutes a false representation that such non-campari tomatoes

are equivalent, or identical to, the tomatoes offered by Village Farms grown from genuine campari seeds. Village Farms pays a premium price for campari seed, and, upon information and belief, Mastronardi's falsely labeled non-campari variety tomatoes are likely less expensive to produce, giving Mastronardi the opportunity to charge lower prices or make greater profits for its falsely labeled "campari" tomatoes, to the detriment of Village Farms.

35. Mastronardi's sale of imitation campari tomatoes has damaged, and unless enjoined, will continue to damage the campari variety's reputation for quality and flavor. The degradation of the campari variety's reputation harms Village Farms by reducing demand for the tomatoes it grows and sells from genuine campari seeds.

36. On information and belief, Mastronardi's statements are intentionally and willfully misleading or false and are likely to cause irreparable harm to Village Farms.

37. Mastronardi's acts constitute a violation of Texas Unfair Competition law.

## COUNT III –

## FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE

38. Village Farms realleges paragraphs 1-37 of the Complaint as if fully set forth here.

39. Village Farms will be damaged by the continued registration of the mark CAMPARI on the Principal Register established by the Lanham Act, as amended, 15 U.S.C. §1051, et. seq., because pursuant to said statute, such registration constitutes prima facie evidence of the validity of the mark and Mastronardi's exclusive right to use the mark in commerce and provides Mastronardi with a remedy for infringement against Village Farms for its use of the campari name in the sale of its tomatoes.

40. On October 15, 2003, Mastronardi filed an application in the United States Patent and Trademark Office ("USPTO") to register CAMPARI as a trademark for fresh tomatoes. The

application was assigned SN 78/314,145. Intending that the UPSTO rely on all of the representations made in its application, Mastronardi declared under penalty of perjury that it knew of no "no other person, firm corporation, or association has the right to use the mark in commerce." Mastronardi asserted that it first used the "mark" in commerce for fresh tomatoes at least as early as November, 1995, and claimed priority to the date of its application for the same mark in Canada on September 2, 2003.

41.    The USPTO issued an Office Action on March 6, 2004, requiring Defendant to specify whether "CAMPARI" had any significance in the relevant trade or industry. Mastronardi intended that the USPTO rely on its responsive representation, made on August 20, 2004, that "Applicant is not aware of any significance of the mark CAMPARI in the relevant trade or industry, any geographical significance, or any meaning in a foreign language." The USPTO granted registration on January 3, 2006, Reg. No. 3,037,538 ("the Mastronardi Registration").

42.    At the time it submitted its application to register "campari" as a trademark, claiming exclusive rights in the mark for tomatoes, Mastronardi knew that campari was a variety name for tomatoes, as assigned by the seed's supplier, Enza Zaden.

43.    At all times during the prosecution of its application to register the putative mark CAMPARI in the United States Trademark Office, Mastronardi knew that the word campari did have significance in the relevant trade, contrary to the representation it made to the USPTO.

44.    At the time Mastronardi filed its application to register campari as a trademark, it knew that its sworn statement that "no other person, firm corporation, or association has the right to use the mark in commerce" was false.

45.    On information and belief, each of the representations Mastronardi made to the USPTO in the prosecution of its application was made deliberately to mislead the USPTO

without a reasonable and honest belief that it was true, and each was material to the USPTO's decision to grant Mastronardi a registration for CAMPARI.

46. Mastronardi procured the Mastronardi Registration by a false or fraudulent declaration or representation.

47. On June 1, 2006 Mastronardi filed a second application for CAMPARI, Serial Number 78/898558, alleging a bona fide intention to use the mark in commerce for "Tomatoes, Fresh Tomatoes; Raw Tomatos [sic], Unprocessed Tomatoes, Salsa, products made from tomatoes, hot sauce, picante, fruits and vegetables, Sauces, tomato sauce." On June 14, 2007, Mastronardi filed a request to divide the application, creating a "child" application encompassing fresh, raw and unprocessed tomatoes, Serial No. 78/980518, and a "parent" application encompassing the remaining goods in the application, "salsa, hot sauce, picante sauce, tomato sauce and sauces; tomato puree." Serial No. 78/898,558. The USPTO refused both of these applications on the grounds that the term "campari" is a varietal name. Both applications are currently suspended pending the outcome of Evengro *Canada, Inc. v. Mastronardi Produce Limited*, Cancellation No. 9204597, which involves the same issue.

48. On April 9, 2008, Village Farms applied to register the marks SINFULLY SWEET CAMPARI, SN 77/443511; RED SPLENDOR CAMPARI, SN 77/443508 and HYDROPERFECT CAMPARI, SN 77/443507 ("the Village Farms Applications") for fresh tomatoes. Because "campari" is a varietal name that is not eligible for registration as a trademark, Village Farms disclaimed the term "campari" apart from the mark as a whole in each of its applications.

49. The USPTO cited the Mastronardi Registration as a basis for refusing each of the Village Farms Applications, and suspended each of them pending the outcome of Cancellation

No. 9204597. Accordingly, the Mastronardi Registration is preventing Village Farms from registering its trademarks and Village Farms will thereby suffer detriment to its ability to protect its campari tomato brands from infringement.

50. Village Farms has sustained damages in consequence of Mastronardi's conduct in procuring Registration Number 3,037,538, including without limitation the refusal by the USPTO to grant the Village Farms Applications.

51. Mastronardi is liable for Village Farms' damages pursuant to §38 of the Lanham Act, 15 U.S.C. §1120.

## COUNT IV

## TRADEMARK CANCELLATION – GENERIC VARIETAL NAME

52. Village Farms realleges paragraphs 1-51 of this Complaint as if fully set forth here.

53. This court may determine whether Mastronardi has a right to own a registration of "campari" for tomatoes, and if not, cancel its trademark Registration Number 3,037,538 pursuant to §37 of the Lanham Act, 15 U.S.C. §1119.

54. The name "campari" was designated a variety name by the creator of the seed, and has become known throughout the trade as the name of that variety of tomato.

55. A variety name is generic and not eligible for registration in the United States Patent and Trademark Office.

56. Contrary to its representations to the USPTO, Mastronardi has repeatedly and publicly referred to campari as a tomato variety, has acknowledged that it is sold in the United States by companies other than Mastronardi, and has thereby admitted that it is not entitled to registration of the term as a trademark pursuant to §2(e) of the Lanham Act, 15 U.S.C. §1052(e).

## COUNT V

## TRADEMARK CANCELLATION – ABANDONMENT

57. Village Farms realleges paragraphs 1 – 56 of this Complaint as if fully set forth here.

58. This court may determine whether Mastronardi has abandoned its trademark, and cancel trademark Registration Number 3,037,538 pursuant to §37 of the Lanham Act, 15 U.S.C. §1119.

59. Since at least as early as 2003, entities other than Mastronardi have been selling campari tomatoes in commerce in the United States,

60. The word "campari" is widely used by persons and entities other than Mastronardi in connection with the advertising and sale of tomatoes. The word "campari" is widely used in publications and on the internet to identify a varietal of tomato, rather than Mastronardi as the source of a branded tomato.

61. Mastronardi not only acquiesced in the use of the putative mark CAMPARI by third parties as a descriptor for such third parties' own goods, but actually encouraged such use by participating in a "Campari Marketing Group," with Eurofresh and BC HotHouse.

62. Through its facilitation of the use of "campari" by the other growers of campari tomatoes to describe their own tomatoes, Mastronardi abandoned its claim to exclusive rights in the term.

63. On information and belief, for at least ten years, Mastronardi has not policed these extensive uses of the word "campari" to refer to a varietal of tomato.

64. By failing to police use of the mark, Mastronardi has abandoned its trademark, pursuant to 15 U.S.C. §1127. Accordingly the trademark should be cancelled.

## PRAYER FOR RELIEF

Village Farms prays for the following relief:

A. For entry of judgment that Mastronardi does not own exclusive rights in the designation "campari" for tomatoes or any tomato product, and a decree to the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office that Registration Number 3,037,538 shall be cancelled.

B. For entry of judgment finding Defendant guilty of mismarking its products;

C. For an award of damages to compensate Village Farms for its lost profits due to Defendant's sales of falsely marked products in competition with Village Farms, pursuant to 15 U.S.C. §1117(a);

D. For an award of all of Mastronardi's profits derived from the illegal acts complained of herein pursuant to 15 U.S.C. § 1117(a).

E. For an award of enhanced damages pursuant to 15 U.S.C. §1117(a);

F. For an award of punitive damages;

G. For an award of costs pursuant to 15 U.S.C. §1117(a);

H. For an award of Village Farms' reasonable attorney fees pursuant to 15 U.S.C. §1117(a) .

I. For entry of an order that Mastronardi and its agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by through, or under

authority from Mastronardi be permanently enjoined from publishing, uttering, or disseminating any implicit or explicit statement that Mastronardi owns exclusive rights in the word "campari".

  J. For entry of an order that Mastronardi and its agents, officers, employees, representatives, successors, assigns, licensees, producers, and all other persons acting for, with, by through, or under authority from Mastronardi be permanently enjoined from falsely labeling any tomatoes or tomato products as "campari" that are not in fact a campari variety tomatoes or tomato products, including withdrawing from the market any product which is packaged with false or misleading statements.

  K. For an award pursuant to 15 U.S.C. § 1117(a) that Mastronardi be held liable for all damages Plaintiff has suffered as a result of the acts alleged herein.

  L. That the Court declare this to be an exceptional case and award Village Farms its full costs and reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

  M. For an award of such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Village Farms demands trial by jury of all issues properly so triable.

Dated: September 13, 2013        Respectfully submitted,

Marsha K. Hoover
mhoover@marshallip.com
Julianne M. Hartzell
jhartzell@marshallip.com
Jill Anderfuren
janderfuren@marshallip.com

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300


/s/ Werner A. Powers
Werner A. Powers
State Bar No. 16218800
werner.powers@haynesboone.com

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
(214) 651-5000
(214) 651-5490


**ATTORNEYS FOR PLAINTIFF**